UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

ALBERT ALEXANDER JACKSON, JR.,
a/k/a Scarface,
                    *Defendant-Appellant.*

No. 01-7049

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-98-148-BO, CA-00-942-5-BO)

Submitted: October 4, 2001

Decided: October 17, 2001

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Albert Alexander Jackson, Jr., Appellant Pro Se. Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Albert Alexander Jackson, Jr., appeals the district court orders denying his 28 U.S.C.A. § 2255 (West Supp. 2001) motion and denying reconsideration of that order. We find Jackson did not timely file his § 2255 motion and dismiss on that ground.

Jackson had one year to file a motion from the date his conviction became final, the date a new right was recognized by the Supreme Court as retroactively applicable to cases on collateral review, the date on which any government-imposed impediment to filing was removed, or the date on which new evidence could have been discovered by the exercise of due diligence. 28 U.S.C.A. § 2255. Jackson's judgment of conviction was entered on the docket on March 30, 1999, and he did not appeal. Consequently, Jackson's conviction became final on that date. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Jackson filed his § 2255 motion on December 19, 2000, more than one year after his conviction became final. Jackson claims that the one-year period should run from the date of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, as we have previously noted, *Apprendi* is not retroactively applicable to cases on collateral review. *Sanders*, 247 F.3d at 151. Finally, no government-imposed impediment to filing or newly discovered evidence exists to warrant a finding that Jackson's petition was timely.

Because we find Jackson did not timely file his § 2255 motion, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*